# City of Chicago, Appellee, v. William E. Dee and Chicago Bonding & Surety Company, Appellants.

## Gen. No. 25,115.

1. MUNICIPAL CORPORATIONS, § 400*—*how bond of contractor is construed.* In a suit by a city against the sureties on a bond given to insure the faithful performance of a contract for the construction of a local improvement, the bond, contract and specifications must be construed together as one instrument.

2. MUNICIPAL CORPORATIONS, § 400*—*when suit on contractor's bond may be maintained.* In a suit by a city against the sureties on a bond given to insure the faithful performance of a contract for the construction of a local improvement to recover the advanced cost of completing the contract after the contractor's default, where the specifications provide that the Board of Local Improvements may determine, and the city may retain a sufficient amount to pay damages "for failure properly to commence and prosecute or properly to construct said work  *  *  *  or for any other default," and that if the city has not sufficient money of the contractor in its possession, such damages shall be recovered in the city's name in an action on the bond or otherwise, suit may be maintained by the city on the bond to recover damages occasioned by the contractor's default and failure to complete the contract, and the right to bring such suit is not affected by the further provision of the specifications authorizing the city to pay out of funds due the contractor any laborers employed by him on the work and not paid.

3. MUNICIPAL CORPORATIONS, § 400*—*what is not defense in suit on contractor's bond.* In a suit by a city against the sureties on a bond given to insure the faithful performance of a contract for the construction of a local improvement to recover the additional cost of completing such contract after the contractor had defaulted, where the specifications provide that in case of any damage suffered as a result of the contractor's default suit may be brought in the city's name and such damages shall be paid to the city, it is no defense that the damages caused by the default were sustained by the property owners and not by the city.

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed July 7, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

HOLLETT, SAUTER & HOLLETT and SABATH, STAFFORD & SABATH, for appellants.

SAMUEL A. ETTELSON, ALBERT L. GREEN and OTTO W. ULRICH, for appellee; GEORGE P. FOSTER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The City of Chicago brought suit against William E. Dee and the Chicago Bonding and Surety Company, a corporation, as sureties on a bond given in a special assessment proceeding. There was a finding and judgment in favor of plaintiff for $7,700, to reverse which defendants prosecute this appeal.

The facts are undisputed and are as follows: A special assessment was confirmed by the county court of Cook county to defray the cost of constructing a system of sewers in certain streets in Chicago. The assessment confirmed aggregated $63,861.40, all of which was to be borne and paid by the property owners, none of it being assessed as public benefits against the city. The contract for the work was let by the Board of Local Improvements to one Nick Mancini for $50,624. For the faithful performance of this contract Mancini, as principal, and the two defendants, as sureties, executed and delivered the bond in question. Mancini commenced the work, the assessment was put in collection, and there was collected and paid him $11,000. He abandoned the work and the city notified the two defendants, as sureties, of this fact and that they might within 10 days elect to finish the work. The two defendants notified the city that they elected not to complete the work. Thereupon the Board readvertised for bids for the completion of the work and entered into a contract for such work and at an advance cost of $7,820.70. After the work was completed, this fact and the cost thereof

was reported to the county court. After reserving $5,416.70 for interest, being the balance of the assessment confirmed, an order was entered by the county court in accordance with section 84 of the Local Improvement Act of 1897 as amended (J. & A. ¶ 1477). All of the proceedings were in accordance with the Local Improvement Act. The additional cost of the work, $7,820.70, was occasioned by the failure of the original contractor, Mancini, to carry out his contract, for the faithful performance of which the sureties executed the bond in question. To recover this damage the city brought this suit.

Defendant contends that no recovery can be had for the reason that the city suffered no damage; that the only damage suffered was by the private property owners, and that the bond in suit does not cover them; that the liability of a surety is measured by his contract and cannot be extended by construction. Whether the doctrine that a personal surety is a favorite of the law and that a claim against him is *strictissimi juris,* or whether the doctrine that a bond given by a surety company is a contract of insurance and strictly construed against the company (*Lesher v. United States Fidelity & Guaranty Co.,* 239 Ill. 504) be applied here, is immaterial.

Section 82 of the Local Improvement Act (J. & A. ¶ 1475) provides that all persons entering into a contract for the construction of a local improvement shall, at the time of the making of it, execute a bond with sureties satisfactory to the Board of Local Improvements, "conditioned for the faithful performance of the contract." The bond in question was accordingly executed by Mancini, the contractor, and the two defendants as sureties, conditioned that if Mancini should faithfully construct the work in accordance with the contract, and plans and specifications, which were made a part of the contract, then the obligation to be null and void, otherwise to remain in full force

and effect. The plans and specifications which were expressly made a part of the contract provide *inter alia:* "If the work shall be wholly or in part improperly constructed, the Board of Local Improvements shall have the right to order the entire reconstruction of the same, and in case the contractor shall default or refuse to reconstruct any work improperly done, declare the contract for said work forfeited either as to a portion or the whole and to relet the same. In event of such default of forfeiture, the Board of Local Improvements shall have the right to adjust the difference of damages or price (if there be any) which according to a just and reasonable interpretation of these specifications and the contract as a whole, the contractor shall pay to the City of Chicago as damages, for failure properly to commence and prosecute or properly to construct said work in all respects according to the conditions hereinbefore specified, or for any other default; and it is hereby understood and agreed that for the amount of damage or price determined by the Board of Local Improvements to be paid to the City of Chicago by the contractor for any such default  *   *   *  there shall be applied in payment thereof a like amount of any money that may be due and owing to the contractor on account of said work, so far as there may be any such money, and so far as the same shall be sufficient, and if there shall not be sufficient amount retained from said contractor, then and in such case the amount to be paid to the City of Chicago in consequence of such default shall be a just claim against the contractor and be recovered from him at law, in the name of the City of Chicago before any court of competent jurisdiction either by suit upon his bond or otherwise." It is conceded, as indeed it must, that the bond, contract and specifications are to be construed together as one instrument and that the liability of the defendants, if any, must result from such construction. Counsel for

defendants contend that the provisions of the specifications quoted only cover the question of damages where the work is improperly constructed and, therefore, can have no application to the instant case where no claim is made that the work was improperly constructed. With this contention we cannot concur. It must be admitted that the drafting of the specifications was very bunglingly done. Yet we think it covers a case where the contractor fails to commence, prosecute or construct the work in the manner required by the contract, and renders him liable to the city for such damages as may be occasioned by such default. For after providing that where the contractor's default is the improper construction of the work and that for such default the Board of Local Improvements shall have the right to fix the damages which the contractor shall pay to the city, it continues "for failure properly to commence and prosecute or properly to construct said work * * * or for any other default" the Board of Local Improvements may determine the damages to be paid by the contractor to the city, and if at that time the city has money which belongs to the contractor, it may retain sufficient to pay this damage. It further provides that if the city has not sufficient money in its possession belonging to the contractor, such damages shall be recovered in the name of the city in an action upon the bond or otherwise. But counsel argue that another paragraph of the specifications expressly covers the situation where the work is abandoned by the contractor. That provision is that the city is authorized to pay out of any funds due the contractor any laborers who have been employed by him upon the work and who have not been paid. We think this provision clearly applies only to laborers and is much narrower than the one which we have quoted. It is further argued, however, that no recovery can be had because the damages were not sustained by the city but by the prop-

erty owners. We think this is no concern of the defendants for the specifications expressly declare that in case of any damage suffered as a result of the default of the contractor, a suit may be brought in the name of the city, and that such damages shall be paid to the city. The case of *City of St. Louis v. G. H. Wright Contracting Co.*, 202 Mo. 451, we think is not in point for the reason that the condition in the bond there was not the same as in the instant case. There the condition of the bond was that if the contractor did the work in accordance with his contract "and shall, as soon as the work contemplated by the contract is completed, pay to the proper parties all amounts due for materials and labor used and employed in the performance thereof, then this obligation to be void, otherwise of full force and effect, and the same may be sued on at the instance of any materialman, laboring man or mechanic, in the name of the City of St. Louis, to the use of such materialman, laboring man or mechanic for any breach of the condition thereof." It was there held that the City of St. Louis could not recover the increased cost of the work paid by the property owners, for paving certain streets, occasioned by the refusal of the contractor to perform his contract and reletting of the work at an increased cost. The condition of the bond in that case was that as soon as the work was done materialmen, laboring men and mechanics should be paid, and that if they were not so paid, they could sue in the name of the city. Those three classes of men were the only ones covered by the bond, while in the instant case the bond is not so limited. Of course, this judgment when collected will be paid by the city to the property owners according to their respective rights.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

TAYLOR, P. J. and THOMSON, J., concur.